## Sargent et al. v. Gerga

B. H. Marks, for plaintiffs; J. W. Nelson, for defendant.

McLAUGHRY, P. J., April 13, 1934.—The plaintiffs, Louis Sargent and Joe Diatka, presented a bill in equity asking that the defendant, Frank Gerga, be enjoined and restrained from working as a barber within a radius of seven squares of the plaintiffs' place of business, to wit, No. 505 Idaho Street in the City of Farrell.

At the hearing, it was admitted that prior to January 23, 1933, Louis Sargent, Joe Diatka, and Frank Gerga were operating a barber shop at No. 505 Idaho Street, Farrell, as partners. On said date Frank Gerga, for the con-

sideration of $135 and the assumption of all of the partners' debts, transferred his interest in said partnership to the plaintiffs, Louis Sargent and Joe Diatka. The written agreement made between the parties at that time contains the following:

"And the said Frank Gerga does further agree and covenant with the said Louis Sargent and Joe Diatka that he will not engage in the barber business nor work in a barber shop as a barber within a radius of seven (7) squares of the present business of the said copartnership, to wit, No. 505 Idaho St. in the City of Farrell, Mercer County, Pa., for a period of 2 years from this date."

It is also admitted that on April 6, 1934, Frank Gerga opened, operated, and worked in a barber shop at No. 945 Fruit Avenue in the City of Farrell.

There seems to be no question but that the agreement was entered into between the parties on the date mentioned, that the said Frank Gerga agreed to refrain from engaging in the barber business "within a radius of seven squares" of No. 505 Idaho Street for a period of 2 years from January 23, 1933, and that the 2 years have not yet expired and the said Frank Gerga opened up a barber shop at No. 945 Fruit Avenue in the City of Farrell on April 6, 1934. The only question before the court is whether or not No. 945 Fruit Avenue is within seven squares of No. 505 Idaho Street. We must first, therefore, determine the meaning of the word "square" as used in the agreement of January 23, 1933. In 58 C. J. 1310, sec. 6, we find the word "square", as used in connection with a measure of area, defined as follows: "A block; a piece of land defined by streets surrounding it; a portion of a city bounded on all sides by streets or avenues; a portion of ground in a town or city surrounded by streets, or a subdivision of a city or town inclosed by streets, whether occupied by buildings or composed of vacant lots; a subdivision of territory bounded on all sides by principal streets; the territory bounded by four streets."

In 4 Words & Phrases (2d series) 665, which contains the judicial and statutory definitions as interpreted by the courts, we find the following:

"The words 'square' and 'block,' when used to designate a piece of land in a city, are synonymous terms. We find the word 'square' used chiefly in southern cities, and the word 'block' elsewhere; but they mean the same thing. They mean a piece of land defined by streets surrounding it."

Taking the definition of "square" as given by authorities, and further taking as a fact the location of No. 945 Fruit Avenue with respect to No. 505 Idaho Street, as testified at the hearing by Joe Diatka and not denied by the defendant, it is clear that the said Frank Gerga did on April 6, 1934, operate a barber shop within the territory described in the agreement of January 23, 1933.

The agreement not to operate as a barber within seven squares of the place of business of the plaintiffs was part of the consideration for which the plaintiffs paid the sum of $135 and assumed the debts of the former partnership in which Frank Gerga was a member. This being true, there is no doubt but that the plaintiffs are entitled to a restraining order.

## Decree

And now, April 13, 1934, this matter came on to be heard and testimony was taken and arguments presented; whereupon, after due consideration, it is decreed that the preliminary injunction be continued until final hearing, and the said Frank Gerga is enjoined and restrained until January 23, 1935, or until further order of this court, from working at the barber trade at No. 945 Fruit Avenue in the City of Farrell, or at any other place within seven squares of No. 505 Idaho Street.                    From W. G. Barker, Mercer, Pa.